Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JUDITH ANN COLÓN CHARDÓN CÉSAR COLÓN CHARDÓN<br><br>Apelados<br><br>v.<br><br>JULISSA LÓPEZ SANTIAGO<br><br>Apelante | KLAN202400044 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. PO2023CV01949<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2024.

I.

El 5 de julio de 2023, el Sr. César Colón Chardón y la Sra. Judith Ann Colón Chardón instaron *Demanda* de desahucio y cobro de dinero contra la Sra. Julissa López Santiago. Alegaron mediante el procedimiento sumario, que, otorgaron un *Contrato de Arrendamiento* sobre una propiedad sita en Ponce[1] con la señora López Santiago. El contrato de doce (12) meses, inició el 1 de septiembre de 2021 y venció el 1 de octubre de 2022. Sostuvieron que, el 10 de diciembre de 2022 le notificaron por escrito a la señora López Santiago que no le renovarían el contrato porque deseaban vender la propiedad, y le ofrecieron la primera opción para adquirirla. Ante la respuesta de la señora López Santiago de que no podía adquirir la propiedad, y el deseo de los hermanos Colón Chardón de vender la propiedad, continuaron el contrato de arrendamiento de la propiedad mes a mes. Eventualmente, los

---

[1] La propiedad está ubicada en la Urb. Santa María, Calle Divina Providencia 7174 en Ponce, Puerto Rico.

Número Identificador

SEN2024_____

hermanos Colón Chardón solicitaron, sin éxito, a la señora López Santiago que la desalojara la propiedad.

Seguido el trámite judicial, el 19 de julio de 2023, los hermanos Colón Chardón informaron al Foro primario que no habían podido diligenciar el emplazamiento de la señora López Santiago. Tras ser emplazada el 26 de julio de 2023, la señora López Santiago compareció por derecho propio a la *Vista de Desahucio* que se celebró el 8 de agosto de 2023. Allí, se limitó a informar que deseaba comprar la propiedad en controversia y que, se encontraba realizando las gestiones a esos fines. Evaluados los planteamientos, el Foro primario le concedió término a la señora López Santiago para que acudiera a una institución bancaria a solicitar un préstamo.

Tras varias incidencias procesales sin que las partes llegaran a un acuerdo sobre la venta de la propiedad, el 3 de diciembre de 2023 la señora López Santiago solicitó, sin éxito, que el procedimiento se convirtiera a uno ordinario. Ello así, el 5 de diciembre de 2023 se celebró la Vista de Desahucio. El **20 de diciembre de 2023, notificada el 26**, el Foro primario declaró "Ha Lugar" la *Demanda* y ordenó el desalojo de la propiedad.

Inconforme, el **2 de enero de 2024**, la señora López Santiago presentó *Moción Solicitando Reconsideración de Sentencia [40], Regla 47, Reglas de Procedimiento Civil, 2009*. Mediante *Resolución* emitida el 8 de enero de 2024, notificada el 9, el Tribunal de Primera Instancia declaró No Ha Lugar la aludida *Moción*. Aún insatisfecha, el 16 de enero de 2024, la señora López Santiago acudió ante nos mediante *Apelación Civil*. Sostiene:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, COMO CUESTIÓN DE HECHO Y DE DERECHO AL NEGAR LA SOLICITUD DE CONVERSIÓN A ORDINARIO Y SEGÚN REITERADO EN LA RECONSIDERACIÓN DE LA SENTENCIA.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE PONCE, COMO CUESTIÓN DE**

**HECHO Y DE DERECHO AL IMPONERLE HONORARIOS DE ABOGADOS A LA APELANTE POR ACTUAR TEMERARIA Y FRÍVOLAMENTE.**

El 26 de enero de 2023, los hermanos Colón Chardón presentaron *Alegato en Oposición a Apelación.* Evaluados los escritos y amparados en el ejercicio de la facultad discrecional que nos concede la Regla 7 (B)(5) de nuestro Reglamento,[2] preterimos todo trámite ulterior y, por los fundamentos que expondremos a continuación, *desestimamos* el presente *Recurso.*

II.

A.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[3] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[4] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[5] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[6] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[7]

---

[2] La Regla 7(B)(5) dispone:
El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R. 7 (B)(5).

[3] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[4] *Torres,* 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.,* 187 DPR 445, 456 (2012).

[5] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[6] *Torres,* 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.,* 164 DPR 663, 674 (2005); *Vázquez,* 128 DPR, pág. 537.

[7] *Allied Management Group Inc.* v. *Oriental Bank,* 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación,* 171 DPR 46, 55 (2007); *Vázquez,* 128 DPR, pág. 537.

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[8] Debido a que la ausencia de jurisdicción es insubsanable.[9] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[10] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[11]

B.

El desahucio es un procedimiento especial de naturaleza sumaria cuyo fin es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente.[12] Cuando se presenta una demanda de desahucio el promovente puede escoger entre un proceso ordinario o un proceso sumario. El desahucio sumario, reglamentado por los Arts. 620–634 del Código de Enjuiciamiento Civil,[13] responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido.[14] Nuestro ordenamiento jurídico dispone que, las sentencias que el Tribunal de Primera Instancia emite como parte de este procedimiento de desahucio sumario, son apelables.[15] Sin embargo, el término que se tiene para ello, es uno

---

[8] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002)
[9] *Allied Management Group Inc.,* 204 DPR; *Maldonado,* 171 DPR, pág. 55; *Souffront,* 164 DPR, pág. 674; *Vázquez,* 128 DPR, pág. 537.
[10] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.,* 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group,* 189 DPR 84 (2013); *Hernández* v. *The Taco Maker,* 181 DPR 281 (2011); *Lugo* v. *Suárez,* 165 DPR 729 (2005); *Pellot* v. *Avon,* 160 DPR 125 (2003).
[11] 4 LPRA Ap. XXII-B, R. 83.
[12] *Acosta et al.* v. *S.L.G. Ghigliotti,* 186 DPR 984, 989 (2012); *Mora Dev. Corp.* v. *Sandín,* 118 DPR 733 (1987).
[13] 32 LPRA §§ 2821-2838.
[14] *Administración de Vivienda* v. *Vega Martínez,* 200 DPR 235 (2018); *ATPR* v. *SLG Volmar–Mathieu,* 196 DPR 5, 9 (2016).
[15] Art. 628 del Código de Enjuiciamiento Civil, 32 LPRA § 2830; *Administración de Vivienda,* 200 DPR, pág. 240.

jurisdiccional de **cinco (5) días,** contados a partir de la fecha de archivo en autos de la notificación de la sentencia.[16]

Es preciso señalar que, en procedimientos de desahucio, por su naturaleza sumaria o expedita, está vetada la presentación de mecanismos post-sentencia, como lo son las mociones de reconsideración y determinaciones de hecho adicionales, por estas ser incompatibles con la naturaleza sumaria de dicho proceso. Es norma reiterada que, aceptar una moción de reconsideración en procedimientos sumarios, representaría una extensión del trámite, incompatible con la finalidad de estos.[17]

III.

En el caso objeto de este recurso, luego de que los hermanos Colón Chardón presentaran *Demanda* sobre desahucio por falta de pago contra la señora López Santiago, el **26 de diciembre de 2023**, el Foro primario **notificó *Sentencia* declarando "Con Lugar" la *Demanda*** con su consecuente orden de desalojo de la propiedad. Inconforme con dicha *Sentencia,* **el 2 de enero de 2024, la señora López Santiago presentó *Moción de Reconsideración* ante el Tribunal de Primera Instancia**.

Como sabemos, esta *Moción* no interrumpió el término de cinco (5) días con los que la señora López Santiago contaba para recurrir ante nos para impugnar la *Sentencia* dictada 26 de diciembre de 2023. Notificada la *Sentencia,* la señora López Santiago tenía un plazo jurisdiccional de cinco (5) días -esto es, hasta el tres (3) de enero de 2024- para recurrir. Sin embargo, no fue hasta el **16 de enero de 2024**, que la señora López Santiago presentó su *Apelación Civil.* Evidentemente, la presentación de su recurso fue

---

[16] 32 LPRA § 2831; *Administración de Vivienda,* 200 DPR, pág. 240*; ATPR,* 196 DPR, pág. 11.

[17] *Patiño Cirino* v. *Parador Villa Antonio,* 196 DPR 439 (2016); *Medina Nazario* v. *McNeill Healthcare LLC,* 194 DPR 723 (2016).

indefectiblemente tardía, privándonos de jurisdicción. Ello así, procede su *desestimación*.

                                          IV.

Por los fundamentos anteriormente esbozados, *desestimamos* el recurso por falta de jurisdicción al ser tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                          Lcda.  Lilia M. Oquendo Solís
                     Secretaria del Tribunal de Apelaciones